UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

---

MARY JANE MATYAS and
ALLEN G. MATYAS, wife and husband

  Plaintiff,

vs.

              Case No:

HONDA MOTOR CO., LTD., a foreign corporation;
AMERICAN HONDA MOTOR CO,
Inc.; and HONDA R&D AMERICAS, INC.,

  Defendants.

---

WILLIAM F. MILLS (P24263)
SCOTT R. MELTON (P34435)
Attorney for Plaintiff
Gruel Mills Nims & Pylman LLP
50 Monroe Avenue NW, Suite 700W
Grand Rapids, MI  49503
(616) 235-5500

---

## COMPLAINT

  Plaintiff, through their counsel, Gruel Mills Nims & Pylman LLP, and for their complaint against the named defendants states as follows:

  1.  Plaintiffs, at all times relevant to this Complaint, have been residents of the State of Michigan and the County of Oakland.

  2.  Defendant Honda Motor Co., Ltd., [hereafter Honda Japan] is a Japanese corporation, which at all times relevant to this Complaint has been doing business in and with the United States and the State of Michigan.

3.      American Honda Motor Co., Inc., [hereafter America Honda] and Honda R&D Americas, Inc. [hereafter Honda R&D] are US corporations with their principal place of business in the State of California, which at all times relevant to this Complaint have been doing business in the United States and State of Michigan.

4.      This complaint arises out of a product liability claim made evident through a motor vehicle accident that occurred on June 27, 2007, in the City of Royal Oak, in the State of Michigan.

5.      The claim involves serious injury to Mary Jane Matyas, the wife of Allen Maytas of 29 years.

### JURISDICTION

6.      The basis for the Court's jurisdiction is diversity of jurisdiction pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000, exclusive of interest costs and fees.

### GENERAL ALLEGATIONS

7.      Plaintiff incorporates by reference each of the preceding paragraphs as if stated here in their entirety.

8.      Honda Japan designed and manufactured a 2005 Honda CR-VLX bearing VIN JHLRD78535C036538 [also referred to as "subject vehicle"].  The subject vehicle was manufactured at Defendant's manufacturing plant in Sayama, Japan.

9.      Upon information and belief, American Honda and/or Honda R&D participated in the design, testing, and marketing of the subject vehicle.  American Honda sold and distributed the subject together with all applicable warranties both express and implied.

10. The design and manufacture of the subject vehicle, includes the design, manufacture and testing of the occupant safety compartment, including the roof and supporting structures.

11. On June 27, 2007, Mary Jane Matyas, was driving the subject vehicle northbound on N Washington, crossing the intersection of Derby in the City of Royal Oak, when another vehicle failed to stop at a stop sign for eastbound traffic and clipped the subject vehicle near the left rear quarter panel.

12. As a result of the minor accident, the subject vehicle began to rotate counterclockwise, impacted the curb, and tipped over, completing one-half a roll onto its roof.

14. Despite the relatively low velocity of the vehicle and the partial roll, the roof of the subject vehicle catastrophically collapsed, resulting in excessive intrusion into the occupant space over the driver's position in the vehicle.

15. As a direct and proximate result of the collapse of the roof and supporting structures into the occupant compartment, Mary Jane Matyas suffered permanent and serious injuries and related damages, including, but not limited to: Pain and suffering, disability, loss of enjoyment of social and conjugal relations, physical and medical injuries and surgeries, including, among others, 1) an open reduction and internal fixation of a C5-6 fracture subluxation, 2) an anterior cervical diskectomy C5-6, C5-6 anterior cervical fusion with cervical plating (Zephyr plate from Medtronic) and fibular shaft allograft.  Because of the high risk of DVT (deep venous thrombosis) formation, an OptEase inferior vena cava filter was placed on 6/28/07.  Further, a cervical spine stabilization was performed on 6/29/07 with 1) a C4-6 posterior spinal fusion with instrumentation, 2) a C4-6 laminectomy, and 3) a local bone graft. Mary Jane Matyas now suffers from spastic quadriplegia, which is permanent, and has sustained

income loss and other economic damages, past, present and future, related to the above mentioned injuries.

## COUNT I -- PRODUCT LIABILITY

16. Plaintiff incorporates by reference each of the preceding allegations as if stated here in their entirety.

17. Defendants had a duty to design and manufacture their product so as to eliminate any unreasonable risk of injury in the foreseeable use and misuse of its product.

18. It was clearly foreseeable to Defendants that their vehicles would be involved in collisions on the road, including occasions where a vehicle such as the subject vehicle may rollover.

19. It was well known to Defendants when the subject vehicle was designed, manufactured and sold that it was important to maintain the occupant survival space within the occupant compartment.  They also knew that the motor vehicle safety standards that were in effect back in 2004-2005 were inadequate to protect the occupant compartment and the occupant, in the event of a foreseeable rollover event.

20. Defendants designed, manufactured, and placed in the stream of commerce the subject 2005 Honda CR-VLX, which was defective and unreasonably dangerous for its ordinary and foreseeable use because it had inadequate roof structure and/or design to prevent injury to a driver in a foreseeable and manageable rollover event, and gave the impression to the ordinary consumer that the vehicle would protect a seat belted occupant during rollover, including adequate structure in the cab and body to provide such protection.

21. The product also failed to incorporate necessary, known and technologically feasible designs and structural components which would prevent excessive collapse and crush of

the roof structure, and prevent or minimize contact and/or entrapment of the driver's head with the interior of the vehicle during a foreseeable rollover even.

22. The defects in the design and or manufacture of the defendants' vehicle were not only negligent but violated the implied warranties associated with the manufacture, marketing and sale of the subject vehicle.

23 As a direct, proximate and contributing cause of the above mentioned defects, the subject vehicle was rendered defective and unreasonably dangerous for its ordinary and foreseeable use or misuse because it had inadequate roof structure to prevent injury to the driver during a manageable rollover and gave the impression to the ordinary consumer that the vehicle would perform in a fashion to protect the seat belted occupant during a rollover, including adequate structure and/or design in the cab and body to provide such protection.

24. The defects complained of above were a proximate cause of Plaintiff Mary Jane Matyas' injuries.

25. Upon information and belief, the defective conditions described above existed when the subject vehicle was under Defendant's control.

WHEREFORE, Plaintiffs prays judgment in an amount in excess of $75,000 deemed reasonable and sufficient to fully compensate plaintiff for the injuries, the associated conscious pain and suffering and other damages referenced above to the fullest extent provided by Michigan law, together with interest, cost and fees provided for by Michigan's statutes and court rules.

## COUNT II – LOSS OF CONSORTIUM

26. Plaintiffs incorporate paragraphs 1 – 25, above.

27. At all relevant times, Plaintiff Alan G. Matyas was the husband of Plaintiff Mary Jane Matyas. As a result of the Defendants' negligent acts, Plaintiff Alan G. Matyas has suffered damages as he has sustained a loss of consortium, loss of her ability to assist within the household, and loss of society and companionship, due to Plaintiff Mary Jane Matyas' injuries.

WHEREFORE, Plaintiffs prays judgment in an amount in excess of $75,000 deemed reasonable and sufficient to fully compensate plaintiff for the injuries, the associated conscious pain and suffering and other damages referenced above to the fullest extent provided by Michigan law, together with interest, cost and fees provided for by Michigan's statutes and court rules.

May 17, 2010                                        GRUEL MILLS NIMS & PYLMAN LLP

                                        By:   */s/ Scott R. Melton*
                                              Scott R. Melton (P34435)
                                              Attorneys for Plaintiffs
                                              Gruel Mills Nims & Pylman LLP
                                              50 Monroe Avenue, Suite 700W
                                              Grand Rapids, MI 49503
                                              (616) 235-5500 – Phone
                                              (616) 235-5550 - Fax
                                              Email:  srmelton@gmnp.net

## JURY DEMAND

NOW COMES the above-named plaintiff by and through their attorneys, Gruel Mills Nims & Pylman LLP, and hereby demands trial by jury on all issues so triable.

May 17, 2010                                        GRUEL MILLS NIMS & PYLMAN LLP

                                        By:   */s/ Scott R. Melton*
                                              Scott R. Melton (P34435)
                                              Attorneys for Plaintiffs
                                              Gruel Mills Nims & Pylman LLP
                                              50 Monroe Avenue, Suite 700W
                                              Grand Rapids, MI 49503
                                              (616) 235-5500 – Phone
                                              (616) 235-5550 - Fax